FILED 2007 SEP 27 PM 4:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-**07-01071** |
| Plaintiff, | ) | I N F O R M A T I O N |
| v. | ) | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act To Be Done; 26 U.S.C. § 7206(1): Subscribing to a False Tax Return] |
| STEVEN KENT AUSTIN, aka Steven Krause, | ) | |
| Defendant. | ) | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1341, 2]

A.  INTRODUCTION

1.  At all times relevant to this Information, American Film Ventures, LLC ("AFV"), was a company operating in the Central District of California and elsewhere that purported to offer investments into movies.

EML:eml

2. At all times relevant to this Information, defendant STEVEN KENT AUSTIN, aka Steven Krause ("AUSTIN") owned and ran AFV.

B. THE SCHEME TO DEFRAUD

3. Beginning in or about May 2004, and continuing until in or about December 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant AUSTIN, together with others known and unknown to the United States Attorney, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4. To execute the scheme to defraud, defendant AUSTIN owned and operated AFV. Defendant AUSTIN telephoned victims and falsely informed them that:

 a. AFV offered investments into a partnership called Funny Money the Movie Limited Partnership (referred to hereafter as "Partnership"), which would use the victims' money to finance part of the development, production, marketing and distribution of a full-length motion picture called "Funny Money."

 b. Defendant AUSTIN was one of the producers of Funny Money.

 c. The Partnership would be involved in distributing Funny Money.

 d. The Partnership had an interest in Funny Money and would share in any profits generated by Funny Money.

1    e. Victims would receive a high rate of return on
2 their investments within a short period of time after Funny Money
3 was released.
4  5. In truth and in fact, as defendant AUSTIN then well
5 knew:
6    a. Neither AFV nor the Partnership put any money
7 toward the financing of Funny Money.
8    b. Defendant AUSTIN was not a producer of Funny Money.
9    c. Neither AFV nor the Partnership had any oral or
10 written agreement to develop, produce, market, or distribute
11 Funny Money. Thus, the Partnership would not be involved in
12 distributing Funny Money.
13    d. Neither AFV nor the Partnership had any interest in
14 Funny Money, and thus the victims would not share in any profits
15 generated by Funny Money.
16    e. The victims would not earn any return on their
17 investments.
18  6. In furtherance of the fraudulent scheme, defendant
19 AUSTIN engaged in and caused others to engage in the following
20 material fraudulent and deceptive acts, practices, and devices,
21 among others:
22    a. Defendant AUSTIN telephoned victims and falsely
23 informed these victims that he offered an investment into the
24 Partnership, which would partially finance the development,
25 production, marketing, and distribution of Funny Money.
26    b. Defendant AUSTIN falsely represented to victims
27 that the majority of the money they invested in the Partnership
28 would be spent on the financing of Funny Money.

1         c.   Defendant AUSTIN falsely represented to victims that the Partnership would be involved in the distribution of Funny Money.

        d.   Defendant AUSTIN falsely represented to the victims that AFV and defendant AUSTIN had previously developed and produced financially successful movies, and that prior investors had received large profits from their investment in AFV and with defendant AUSTIN.

        f.   Defendant AUSTIN falsely represented to victims that they would receive high returns on their investment into the Partnership.

    7.   Through the above-described scheme to defraud, defendant AUSTIN and others known and unknown to the United States Attorney caused approximately 63 victims to send to AFV a total of approximately $2.4 million.

C.  <u>THE MAILING</u>

    8.   On or about June 24, 2004, in Los Angeles, within the Central District of California, and elsewhere, defendant AUSTIN, for the purpose of executing the above-described scheme to defraud, caused victims K.S. and A.S. to send through the United States mail a check for $25,000 to AFV, in Sherman Oaks, California.

//

//

//

4

1     COUNT TWO

2     [26 U.S.C. §§ 7206(1), 2]

3     9.  On or about April 14, 2005, in Los Angeles County, within the Central District of California, and elsewhere, defendant AUSTIN willfully made, subscribed to, and filed with the Internal Revenue Service a United States Individual Income Tax Return on IRS Form 1040 for the tax year 2003, which contained a written declaration under penalty of perjury that defendant AUSTIN had examined the return and its accompanying schedules and statements, and that to the best of his knowledge and belief, the return and its accompanying schedules and statements were true, correct, and complete.  In truth and in fact, defendant AUSTIN did not believe at the time that this return was true, correct, and complete as to every material matter therein.

10. Specifically, in this tax return, defendant AUSTIN reported that he and his wife, with whom he was filing jointly,

//

//

//

//

//

had no taxable income. In truth and in fact, as defendant AUSTIN then well knew and believed, he had at least $475,000 but no more than $874,500 in taxable income for tax year 2003.

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Major Frauds Section

ELLYN MARCUS LINDSAY
Assistant United States Attorney
Major Frauds Section